IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
NANCY JOHNSON,                )
                              )
              Plaintiff,      )         8:15CV174
                              )
       v.                     )
                              )
TAMARIN LODGING, LLC,         )         MEMORANDUM OPINION
                              )
              Defendant.      )
_____)
```

This matter is before the Court on the defendant, Tamarin Lodging, LLC's ("defendant" or "Tamarin") motion to dismiss and for sanctions (Filing No. 30). The defendant submitted a brief in support of its motion (Filing No. 31). The plaintiff, Nancy Johnson ("plaintiff" or "Johnson") has failed to timely submit a brief in opposition to defendant's motion or otherwise respond. *See* NECivR 7.1(b)(1)(B) (requiring that "[a] brief opposing a motion to dismiss . . . must be filed and served within 21 days after the motion and supporting brief are filed and served . . . ."). After review of the motion, the defendant's brief, and applicable law, the Court finds as follows.

**BACKGROUND**

Plaintiff filed the instant action on February 24, 2015, in the Nebraska District Court of Lancaster County (Filing No. 1-1 at 1). Defendant timely removed the case to this Court

on May 20, 2015 (Filing No. 1).  On December 23, 2015, after some initial discovery, plaintiff's counsel sought to withdraw because "communication between the plaintiff and counsel ha[d] failed." (Filing No. 24 at 1).  On December 29, 2015, Magistrate Judge Gossett granted plaintiff's counsel's motion, ordered Ms. Neary to immediately serve copies of the court's order on plaintiff and thereafter file a proof of service to show compliance thereto (Filing No. 25 at 1).  Magistrate Judge Gossett also ordered that plaintiff "w[ould] be deemed to be proceeding *pro se* . . . unless substitute counsel . . . entered a written appearance on her behalf."  (*Id.*)  Magistrate Judge Gossett instructed plaintiff to "comply with all orders of th[e] Court, the Federal Rules of Civil Procedure, and the Local Rules of Practice."  In addition, Magistrate Judge Gossett warned plaintiff that "[f]ailure to comply with [the above mentioned] requirements may result in the imposition of sanctions, including payment of costs and attorney's fees and/or the entry of default."  (*Id.*)

On February 5, 2016, defendant filed a motion to compel discovery and to extend the remaining deadlines in the progression order (Filing No. 21).  (Filing No. 27).  Magistrate Judge Gossett granted defendant's motion to compel on February 17, 2016, and gave plaintiff until March 19, 2016, to respond to defendant's discovery requests (Filing No. 29).  Plaintiff's

communications with all concerned with this case have completely ceased. *See* Filing No. 31-1 at 1-2.

Following plaintiff's noncompliance with Magistrate Judge Gossett's March 19, 2016, order, defendant filed the instant motion to dismiss and for sanctions (Filing No. 30). On May 11, 2016, this case was reassigned to the undersigned for disposition (Filing No. 32).

**LAW**

Federal Rule of Civil Procedure 37(b)(2)(C) permits a district court's dismissal of an action when a party fails to comply with a discovery order. "'Pro se litigants are not excused from complying with court orders.'" *Meints v. Dewitt*, 68 F.3d 478, 478 (8th Cir. 1995) (per curium) (unpublished disposition) (quoting *Farnsworth v. City of Kansas City*, 863 F.2d 33, 34 (8th Cir. 1998) (per curium), *cert. denied*, 493 U.S. 820 (1989)).

**DISCUSSION**

The Court finds that defendant's motion should be granted. The Court will grant defendant's motion to dismiss with prejudice. Plaintiff has failed to respond to defendant's discovery requests, timely comply with Magistrate Judge Gossett's March 19, 2016, order, respond to defendant's present motion, and has failed to pursue her claim in any way. Accordingly, defendant's motion to dismiss with prejudice will be granted.

Given the actions of the plaintiff, the Court will likewise grant defendant's request that the Court award defendant "its reasonable expenses and attorney's fees incurred in bringing the February 15, 2016, Motion to Compel and the present [m]otion." The Court is without any evidence regarding the amount of defendant's reasonable expenses and attorney's fees. Accordingly, defendant is hereby instructed to submit to the Court a proposal of its reasonable expenses and fees within fourteen days of date of this order. Plaintiff shall thereafter have fourteen days to respond to defendant's proposal in accordance with NECivR 7.1(b)(1)(B). No additional sanctions will be imposed. A separate order will be entered herein in accordance with this memorandum opinion.

DATED this 15th day of July, 2016.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court